UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALAN ZARKOWSKI,<br><br>                     Plaintiff,<br><br>        v.<br><br>COUNTY OF KERN, *et al.*,<br><br>                     Defendants. | Case No. 1:25-cv-00063-KES-CDB<br><br>ORDER DIRECTING PLAINTIFF TO RESPOND<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE** |

This matter is before the Court on the filing by Plaintiff Mark Alan Zarkowski ("Plaintiff") of a complaint (Doc. 1) on January 14, 2025. Plaintiff, who is proceeding pro se, did not pay the filing fee and instead filed an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. 2). The statute requires federal courts to screen IFP complaints and dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

As discussed in more detail below, Plaintiff's complaint pleads sufficient facts to allege a cognizable claim for violation of the Fourth Amendment but fails to cognizably allege municipal liability. For the reasons set forth below, Plaintiff will be ordered to file an amended complaint or, alternatively, a notice of election to stand on his complaint as screened and proceed only on the claims found cognizable herein.

1    **I.    SCREENING STANDARD**

2    Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of a pro se

3    complaint proceeding *in forma pauperis* and shall dismiss the case at any time if the Court

4    determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or

5    malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

6    against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir.

7    2001) (per curiam); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district

8    court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v.*

9    *Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming s*ua sponte* dismissal for failure to state a

10    claim). If the Court determines that a complaint fails to state a claim, leave to amend may be

11    granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez*,

12    203 F.3d at 1130.

13    In determining whether a complaint fails to state a claim, the Court uses the same pleading

14    standard used under Federal Rule of Civil Procedure 8(a). The complaint must contain "a short

15    and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P.

16    8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recital of the elements of a

17    cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

18    U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A

19    complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack

20    of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri*

21    *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum

22    factual and legal basis for each claim that is sufficient to give each defendant fair notice of what

23    the plaintiff's claims are and the grounds upon which they rest. *See e.g., Brazil v. U.S. Dep't of*

24    *the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.

25    1991).

26    In reviewing a pro se complaint, a court is to liberally construe the pleadings and accept as

27    true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94

28    (2007). However, although a court accepts as true all factual allegations contained in a complaint,

2

1  a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A]

2  complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops

3  short of the line between the possibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S.

4  at 557).

5      Courts may deny a pro se plaintiff leave to amend where amendment would be futile.

6  *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Cook, Perkiss &*

7  *Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)); *see Lucas v. Dep't of*

8  *Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995) (holding that dismissal of a pro se complaint without

9  leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or

10  after the pro se litigant is given an opportunity to amend).

11      **II.      SUMMARY OF THE COMPLAINT**

12      Plaintiff asserts that, on January 15, 2023, at approximately 10:50 a.m., he and his sister

13  were "caring for their 80 year old mother" in his sister's residence. Plaintiff's mother went into

14  cardiac arrest. Emergency medical technicians ("EMTs") "arrived but were unable to save her."

15  Plaintiff, while "very distraught, continued cardiopulmonary resuscitation (CPR) and chest

16  compressions in an effort to revive her." Defendant officers Juan Carlos Cazares and Sean P.

17  Dunshee "illegally entered the residence" while Plaintiff was performing CPR, "told Plaintiff his

18  mother was dead and ordered him to stop his efforts to revive his mother. When Plaintiff did not

19  stop," Defendant officers handcuffed him and placed him in "a patrol vehicle for approximately

20  one hour." Defendant officers told him "he was going to jail, and cited him for violating Penal

21  Code § 148(a)(1) before he was released." Afterwards, Plaintiff appeared in court on January 30,

22  2023, pursuant to the citation, and was informed that no "[c]omplaint had been filed." Plaintiff

23  further provides that, "[t]o date, no criminal complaint has been filed." (Doc. 1 at 4-5, ¶ 16). He

24  states Defendants "wrongfully subjected Plaintiff to false arrest and imprisonment, search, and

25  unlawful entry – among other constitutionally violative and tortious conduct." *Id.* at 5, ¶ 18.

26      Plaintiff brings two causes of action: (1) violation of the Fourth Amendment right to be

27  free from unreasonable searches and seizures against Defendants Cazares and Dunshee, and (2)

28  municipal liability under 42 U.S.C. § 1983 against Defendant County of Kern. *Id.* at 7-11.

### III.    DISCUSSION

#### a.  Fourth Amendment Claims

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

"[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness,'" and thus, "[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing ... reasonableness generally requires the obtaining of a judicial warrant." *Riley v. California*, 573 U.S. 373, 381-82 (2014) (internal quotations and citations omitted).

"Searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York,* 445 U.S. 573, 586 (1980). Two general exceptions exist "to the warrant requirement for home searches: exigency and emergency." *United States v. Martinez,* 406 F.3d 1160, 1164 (9th Cir. 2005). "These exceptions are 'narrow' and their boundaries are 'rigorously guarded' to prevent any expansion that would unduly interfere with the sanctity of the home." *Hopkins v. Bonvicino,* 573 F.3d 752, 763 (9th Cir. 2009) (citing *United States v. Stafford,* 416 F.3d 1068, 1073 (9th Cir. 2005)).

Liberally construing the complaint and accepting as true all factual allegations contained therein, it appears from the face of the complaint that Plaintiff has sufficiently pled a claim for violation of the Fourth Amendment.[1]

#### b.  Municipal Liability Claims

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its

---

[1] Though Plaintiff's assertions may involve a possible medical emergency in the home, warrantless searches and seizures are presumptively unreasonable and, thus, the burden is with Defendants to show reasonableness. *See Payton*, 445 U.S. at 586. As such, the Court will not reach the applicability of any exceptions to the warrant requirement at this screening stage.

1    lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

2    the injury that the government as an entity is responsible under § 1983." *Id.* Local governments

3    are responsible only for their own illegal acts; they are not vicariously liable for their employees'

4    actions. *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

5        Instead, a municipality is held liable only when "action pursuant to official municipal

6    policy of some nature cause[s] a constitutional tort." *Monell*, 436 U.S. at 691. This "official

7    municipal policy" need not be expressly adopted, "[i]t is sufficient that the constitutional

8    violation occurred pursuant to a longstanding practice or custom." *Christie v. Iopa*, 176 F.3d

9    1231, 1235 (9th Cir. 1999) (citation and internal quotation marks omitted). A policy can also be

10   one of action or inaction, such as a failure to train employees when such omissions amount to the

11   government's policy. *See Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1189 (9th Cir. 2006)

12   ("[A] county's lack of affirmative policies or procedures to guide employees can amount to

13   deliberate indifference[.]"). Finally, a municipality may be liable if "the individual who

14   committed the constitutional tort was an official with final policy-making authority or such an

15   official ratified a subordinate's unconstitutional decision or action and the basis for it." *Rodriguez*

16   *v. Cnty. of Los Angeles*, 891 F.3d 776, 802-803 (9th Cir. 2018).

17       Thus, to establish a § 1983 claim for municipal liability, Plaintiff must show: (1) that he

18   possessed a constitutional right of which he was deprived; (2) that the municipality had a policy;

19   (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4)

20   that the policy is the moving force behind the constitutional violation. *Burke v. Cnty of Alameda*,

21   586 F.3d 725, 734 (9th Cir. 2009).

22       Courts in the Ninth Circuit use a two-part test to evaluate whether factual allegations

23   regarding municipal liability are sufficiently pled: "First, to be entitled to the presumption of

24   truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of

25   action, but must contain sufficient allegations of underlying facts to give fair notice and to enable

26   the opposing party to defend itself effectively. Second, the factual allegations that are taken as

27   true must plausibly suggest an entitlement to relief, such that it is not unfair to require the

28   opposing party to be subjected to the expense of discovery and continued litigation." *A.E. ex rel.*

1    *Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d

2    1202, 1216 (9th Cir. 2011)).

3        In his complaint, Plaintiff does not allege facts which challenge a specific policy or

4    procedure, or lack thereof, that would give rise to liability by Defendant County of Kern.

5    Plaintiff's assertions are unspecific and conclusory. For example, Plaintiff asserts that

6    "Defendants failed to follow [Kern County Sheriff's Office's] policies and procedures for seizing

7    citizens, and entering a home – which does not permit the abuse of the deputies' authority to seize

8    citizens." (Doc. 1 at 6). Plaintiff does not allege a minimum factual basis for his claim that is

9    sufficient to give Defendant fair notice of what Plaintiff's claims are and the grounds upon which

10   they rest. *See McFarland v. City of Clovis*, 163 F. Supp. 3d 798, 803 (E.D. Cal. 2016) ("Simply

11   alleging that training is 'deficient' or 'inadequate' is conclusory and does not support a plausible

12   claim. Additionally, there are no allegations that explain how the deficient training caused

13   [Plaintiff's] injury. Without identifying how training is deficient and how the training caused

14   injury, it cannot be determined whether the [c]ity acted with deliberate indifference … the fact

15   that a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on

16   the city, and plainly, adequately trained officers occasionally make mistakes; the fact that they do

17   says little about the training program or the legal basis for holding the city liable.") (internal

18   quotations and citations omitted).

19                                *    *    *    *    *

20       In sum, Plaintiff has sufficiently pled his claims of violation of the Fourth Amendment but

21   failed to cognizably allege municipal liability under § 1983. Notwithstanding the foregoing, under

22   Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to

23   amend] when justice so requires." Accordingly, the Court will provide Plaintiff leave to amend

24   his complaint only to the extent he can, in good faith, remedy the deficiencies noted herein.

25   *Lopez*, 203 F.3d at 1126-31. Alternatively, Plaintiff may choose not to amend and, instead, stand

26   on his complaint. If Plaintiff chooses to do so, the undersigned will recommend that all

27   insufficiently pled claims be dismissed and for the case to proceed only on the claims found

28   cognizable herein.

If Plaintiff elects to proceed with this action by filing an amended complaint, he is advised that the Court cannot refer to a prior pleading in order to make an amended complaint complete. *See* Local Rule 220 (emphasis added). The **amended complaint must be complete in itself without reference to the prior or superseded pleading**. Once the amended complaint is filed, the original pleading no longer serves any function in the case.

Thus, in the amended complaint, **Plaintiff must re-plead all elements of his claims, including all relevant facts, even the ones not addressed by this screening order**.

## IV.    CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to amend his complaint.

2. **Within 21 days** from the date of service of this order, Plaintiff must file either (a) an amended complaint curing the deficiencies identified by the Court in this order or (b) a notice of election to stand on the complaint as screened (proceeding only on Plaintiff's claim asserted against individual defendants pursuant to the Fourth Amendment).

**If Plaintiff fails to timely comply with this order by filing either an amended complaint or notice of election to proceed only on his Fourth Amendment claim, the Court will recommend that this action be dismissed in its entirety for Plaintiff's failure to comply with the Court's orders.**

IT IS SO ORDERED.

Dated:    **February 10, 2025**                                  _____
                                                                UNITED STATES MAGISTRATE JUDGE