UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALAN ZARKOWSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-00063-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS<br><br>(Doc. 5)<br><br>**14-DAY DEADLINE** |

This matter is before the Court on the filing by Plaintiff Mark Alan Zarkowski ("Plaintiff") of a complaint (Doc. 1) on January 14, 2025. Plaintiff, who is proceeding pro se, did not pay the filing fee and instead filed an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. 2). The statute authorizes federal courts to screen IFP complaints and dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

The Court issued its first screening order on February 11, 2025, having found Plaintiff had sufficiently pled claims of violation of the Fourth Amendment but failed to cognizably allege municipal liability under 42 U.S.C. § 1983, and granted Plaintiff leave to amend his complaint. (Doc. 4). Plaintiff filed his amended complaint on March 3, 2025. (Doc. 5).

As discussed in more detail below, Plaintiff's amended complaint pleads sufficient facts to

allege a cognizable claim for violation of the Fourth Amendment but again fails to cognizably allege municipal liability. Additionally, included within the deficient municipal liability claims are insufficient supervisory liability claims. For the reasons set forth below, the undersigned will recommend that the municipal liability and supervisory liability claims be dismissed and this action proceed on Plaintiff's Fourth Amendment claims only.

## I.    SCREENING STANDARD

28 U.S.C. § 1915 "authorizes a court to review a complaint that has been filed in forma pauperis, without paying fees and costs, on its own initiative and to decide whether the action has an arguable basis in law before permitting it to proceed." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). *See Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all *in forma pauperis* complaints"). Pursuant to § 1915(e)(2)(B), the Court must dismiss a complaint or a portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)((B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez*, 203 F.3d at 1130.

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.

1991).

In reviewing a pro se complaint, a court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, although a court accepts as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between the possibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

Courts may deny a pro se plaintiff leave to amend where amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)); *see Lucas v. Dep't of Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995) (holding that dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend).

**II.     SUMMARY OF THE COMPLAINT**

Plaintiff asserts that, on January 15, 2023, at approximately 10:50 a.m., he and his sister were "caring for their 80 year old mother" in his sister's residence. Plaintiff's mother went into cardiac arrest. Emergency medical technicians ("EMTs") "arrived but were unable to save her." Plaintiff, while "very distraught, continued cardiopulmonary resuscitation (CPR) and chest compressions in an effort to revive her." Defendant officers Juan Carlos Cazares and Sean P. Dunshee "illegally entered the residence" while Plaintiff was performing CPR, "told Plaintiff his mother was dead and ordered him to stop his efforts to revive his mother. When Plaintiff did not stop," Defendant officers handcuffed him and placed him in "a patrol vehicle for approximately one hour." Defendant officers told him "he was going to jail, and cited him for violating Penal Code § 148(a)(1) before he was released." Afterwards, Plaintiff appeared in court on January 30, 2023, pursuant to the citation, and was informed that no "[c]omplaint had been filed." Plaintiff further alleges that, "[t]o date, no criminal complaint has been filed." (Doc. 5 at 4-5, ¶ 16). He alleges Defendants "wrongfully subjected Plaintiff to false arrest and imprisonment, search, and

3

unlawful entry – among other constitutionally violative and tortious conduct." *Id.* at 5, ¶ 18.

Plaintiff brings two causes of action: (1) violation of the Fourth Amendment right to be free from unreasonable searches and seizures against Defendants Cazares and Dunshee, and (2) municipal liability under 42 U.S.C. § 1983 against Defendant County of Kern. Included within the municipal liability cause of action, additionally, are claims of supervisory liability. *Id.* at 7-13.

### III.    DISCUSSION

#### a. Fourth Amendment Claims

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

"[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness,'" and thus, "[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing ... reasonableness generally requires the obtaining of a judicial warrant." *Riley v. California*, 573 U.S. 373, 381-82 (2014) (internal quotations and citations omitted).

"Searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York,* 445 U.S. 573, 586 (1980). Two general exceptions exist "to the warrant requirement for home searches: exigency and emergency." *United States v. Martinez,* 406 F.3d 1160, 1164 (9th Cir. 2005). "These exceptions are 'narrow' and their boundaries are 'rigorously guarded' to prevent any expansion that would unduly interfere with the sanctity of the home." *Hopkins v. Bonvicino,* 573 F.3d 752, 763 (9th Cir. 2009) (citing *United States v. Stafford,* 416 F.3d 1068, 1073 (9th Cir. 2005)).

Liberally construing the amended complaint and accepting as true all factual allegations contained therein, it appears from the face of the amended complaint that Plaintiff has sufficiently pled a claim for violation of the Fourth Amendment.[1]

---

[1] Though Plaintiff's assertions may involve a possible medical emergency in the home, warrantless searches and seizures are presumptively unreasonable and, thus, the burden is with Defendants to show reasonableness. *See Payton*, 445 U.S. at 586. As such, the Court will not reach the applicability of

### b. Municipal Liability Claims

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* Local governments are responsible only for their own illegal acts; they are not vicariously liable for their employees' actions. *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

Instead, a municipality is held liable only when "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." *Monell*, 436 U.S. at 691. This "official municipal policy" need not be expressly adopted, "[i]t is sufficient that the constitutional violation occurred pursuant to a longstanding practice or custom." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (citation and internal quotation marks omitted). A policy can also be one of action or inaction, such as a failure to train employees when such omissions amount to the government's policy. *See Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1189 (9th Cir. 2006) ("[A] county's lack of affirmative policies or procedures to guide employees can amount to deliberate indifference[.]"). Finally, a municipality may be liable if "the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 802-803 (9th Cir. 2018).

Thus, to establish a municipality's liability under *Monell*, a plaintiff "must show that (1) she was deprived of a constitutional right; (2) the [municipality] had a policy; (3) the policy amounted to a deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Harmon v. City of Pocatello*, 854 Fed. Appx. 850, 854 (9th Cir. 2021) (quoting *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001)).

Courts in the Ninth Circuit use a two-part test to evaluate whether factual allegations

---

any exceptions to the warrant requirement at this screening stage.

1   regarding municipal liability are sufficiently *pled*: "First, to be entitled to the presumption of
2   truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of
3   action, but must contain sufficient allegations of underlying facts to give fair notice and to enable
4   the opposing party to defend itself effectively." *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666
5   F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011))
6   "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to
7   relief, such that it is not unfair to require the opposing party to be subjected to the expense of
8   discovery and continued litigation." *Id*.

9       In his amended complaint, Plaintiff again does not allege sufficient facts which challenge
10  a specific policy or procedure, or lack thereof, that would give rise to liability by Defendant
11  County of Kern. Plaintiff's assertions are again unspecific and conclusory. For example, Plaintiff
12  asserts that "there are other citizens whose Fourth Amendment rights have been similarly
13  violated." (Doc. 5 at 11). Plaintiff cites caselaw for the proposition that factual recitations for
14  municipal liability claims need not be particularly detailed, and such details of alleged policies or
15  customs are topics more properly left to the discovery stage of the proceedings. *Id.* at 12.
16  However, here, despite the Court's identification of this deficiency in its first screening order and
17  extended to Plaintiff an opportunity to replead, Plaintiff has pled no underlying facts whatsoever
18  regarding policies or procedures, or a lack thereof, which "plausibly suggest an entitlement to
19  relief, such that it is not unfair to require the opposing party to be subjected to the expense of
20  discovery and continued litigation." *A.E. ex rel. Hernandez*, 666 F.3d at 637.

21      Plaintiff relies only on the particular incident giving rise to his individual claim to bring
22  his municipal liability claims. Thus, Plaintiff does not allege a minimum factual basis for his
23  claim that is sufficient to give Defendant fair notice of what Plaintiff's claims are and the grounds
24  upon which they rest. *See McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000) (plaintiff cannot
25  demonstrate the existence of a policy based on a single occurrence of unconstitutional action
26  committed by a non-policymaking employee); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)
27  ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must
28  be founded upon practices of sufficient duration, frequency and consistency that the conduct has

become a traditional method of carrying out policy."); *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) ("Davis has failed to establish that there is a genuine issue of material fact regarding the existence of a policy of inadequate training, inadequate medical treatment of prisoners, or deliberate indifference to the use of excessive force. A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee.").

### c. Supervisory Liability Claims

Within his cause of action for municipal liability, Plaintiff includes language asserting supervisory liability. (Doc. 5 at 10). These claims fail for the same reasons as the municipal liability claims.

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), overruled on other grounds by *Castro v. Cnty. of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *accord Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction in the training and supervision of subordinates).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional

7

1   rights and is the moving force of the constitutional violation." *Redman v. Cnty. of San Diego*, 942
2   F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), abrogated on other
3   grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

4       To prove liability for an action or policy, the plaintiff "must ... demonstrate that his
5   deprivation resulted from an official policy or custom established by a ... policymaker possessed
6   with final authority to establish that policy." *Waggy v. Spokane Cnty. Washington*, 594 F.3d 707,
7   713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such
8   defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v.*
9   *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the
10  involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v.*
11  *Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

12      Plaintiff asserts, for example, that unknown or unidentified supervising Defendants "either
13  directed his or her subordinates in conduct that violated Plaintiff's rights, or set in motion a series
14  of acts and omissions by his or her subordinates that the supervisor knew or reasonably should
15  have known would deprive Plaintiff of rights …" (Doc. 5 at 10). These vague allegations are
16  insufficient to state a cognizable claim for supervisory liability.

17      *    *    *    *    *

18      In sum, Plaintiff has sufficiently pled his individual claims of violation of the Fourth
19  Amendment but failed to cognizably allege municipal liability and supervisory liability claims
20  under § 1983. Plaintiff has previously been given leave to amend and has been unable to cure
21  these deficiencies. Dismissal of pro se claims without leave to amend is proper only if it is
22  "absolutely clear that no amendment can cure the defect." *Rosati v. Igbinoso*, 791 F.3d 1037,
23  1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012)). Here,
24  given Plaintiff's inability to cure the defects with his amended complaint, the undersigned finds
25  extending further leave to amend would be futile. *See Cervantes v. Countrywide Home Loans,*
26  *Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[a]lthough leave to amend should be given freely, a
27  district court may dismiss without leave where a plaintiff's proposed amendments would fail to
28  cure the pleading deficiencies and amendment would be futile.").

### IV.  CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the undersigned RECOMMENDS that:

1. This action **PROCEED** *only* on Plaintiff's Fourth Amendment claims against Defendants Cazares and Dunshee;

2. The remaining claims in Plaintiff's amended complaint (Doc. 5) be **DISMISSED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. **Any pages filed in excess of the 15-page limitation may be disregarded** by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **March 10, 2025**                                   _____
                                                             UNITED STATES MAGISTRATE JUDGE