UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALAN ZARKOWSKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, *et al.*,<br><br>　　　　Defendants. | Case No. 1:25-cv-00063-KES-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS<br><br>Doc. 6 |

　　　　Plaintiff Mark Alan Zarkowski is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Plaintiff commenced this action on January 14, 2025. Doc. 1. Plaintiff did not pay a filing fee and instead filed an application to proceed *in forma pauperis* ("IFP"), which the assigned magistrate judge granted. Docs. 2, 3. On February 11, 2025, the magistrate judge screened the complaint and found that plaintiff sufficiently pleaded a Fourth Amendment claim against the two individual defendants but did not plead a cognizable municipal liability claim

1  under section 1983.  Doc. 4.  Plaintiff was granted leave to amend.  *Id.*  On March 3, 2025,
2  plaintiff filed a first amended complaint.  Doc. 5.
3        On March 10, 2025, the assigned magistrate judge issued findings and recommendations
4  recommending that the action proceed on only the Fourth Amendment claim against defendants
5  Juan Carlos Cazares and Sean P. Dunshee and that plaintiff's remaining claims be dismissed.
6  Doc. 6.  Specifically, the magistrate judge determined that plaintiff failed to allege sufficient facts
7  to state a claim under section 1983 for municipal liability and supervisory liability.  *Id*. at 5–8.
8  The findings and recommendations were served on the parties and contained notice that any
9  objections were to be filed within fourteen (14) days after service.  *Id.* at 17.  On March 27, 2025,
10 plaintiff timely filed objections to the findings and recommendations.[1]  Doc. 7.
11       Plaintiff objects to the magistrate judge's finding that he failed to adequately plead an
12 unconstitutional policy.  He contends the amended complaint sufficiently alleges that defendant
13 County of Kern failed to "institute, maintain, or effectively administer and enforce any
14 appropriate training" as to unlawful seizures and unlawful entry into a home.  *Id.* at 5.  Plaintiff
15 also argues that a "pattern of similar, prior constitutional violations is not required to establish the
16 deliberate indifference element of a *Monell* violation" and, in some instances, a single violation
17 can trigger municipal liability.  *Id.* at 6–7.  Plaintiff objects that ratification of the alleged
18 unconstitutional actions was asserted in the first amended complaint. *Id.* at 8.  Finally, plaintiff
19 objects the findings and recommendations ignored the proper standard and incorrectly concluded
20 plaintiff's allegations were too vague to state a cognizable claim for supervisory liability.  *Id.* at
21 10.
22       Pursuant to 28 U.S.C. § 636(b)(1)(C), and Local Rule 304, the Court has conducted a de
23 novo review of this case.  Having carefully reviewed the entire matter, including plaintiff's
24 objections, the Court adopts the findings and recommendations in full, finding them to be
25 supported by the record and proper analysis.
26       The magistrate judge correctly determined that plaintiff's first amended complaint does

---

[1] Plaintiff's objections were timely filed.  Plaintiff also filed a motion for extension of time to file his objections, but he submitted a notice withdrawing that motion as he timely filed his objections.  *See* Docs. 8, 9.

not adequately support a *Monell* claim under any theory. Despite being provided an opportunity to amend his complaint, plaintiff's allegations as to the county remain conclusory and do not provide sufficient specifics concerning any alleged failure to train. Plaintiff's claim identifies only a single instance of alleged municipal wrongdoing, which does not plausibly suggest a municipal policy or custom. To allege a *Monell* claim under this theory, plaintiff must "pair general averments of a policy or custom with particular examples." *Estate v. Osuna v. Cnty. of Stanislaus*, 392 F. Supp. 3d 1162, 1175 (E.D. Cal.) (quoting *Ulloa v. Prince George's County*, No. DKC 15-0257, 2015 WL 7878956, at *6 (D. Md. Dec. 4, 2015)) (emphasis added). In *Osuna*, the court found plaintiff sufficiently alleged the presence of a municipal custom by pointing to specific prior cases of county misconduct. *Id.* Here, plaintiff did not do so.

Nor does plaintiff identify any actions taken by a municipal policymaker that might plausibly demonstrate ratification. Although plaintiff states in his objections that certain unnamed supervisors were "called" during the incident and they "authorized and directed Defendant deputies' complained of conduct in the subject Amended Complaint," Doc. 7 at 10, n.3, this factual detail was not alleged in his first amended complaint. But even if it had been, it does not state a ratification claim against the County because plaintiff has not alleged the supervisors were authorized policymakers nor that they knew the specific nature of any constitutional violation. *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) ("[A] plaintiff must prove that the 'authorized policymakers approve a subordinate's decision and the basis for it.'") (internal citation omitted). To the extent plaintiff asserts a supervisory liability claim against defendants, this standalone allegation does not comply with the requirements of Rule 8(a) as it lacks sufficient predicate factual detail. Accordingly, the magistrate judge properly recommended dismissal of all other claims besides the Fourth Amendment claim.

Accordingly, the Court ORDERS:

1. The March 10, 2025, findings and recommendations (Doc. 6) are ADOPTED in FULL;

2. Plaintiff's motion for extension of time (Doc. 9) is moot, as plaintiff withdrew it after timely filing his objections;

3

3. This action will proceed only on Plaintiff's Fourth Amendment claims against Defendants Cazares and Dunshee; and

4. All other claims in Plaintiff's amended complaint (Doc. 5) are DISMISSED for failure to state a claim.

IT IS SO ORDERED.

Dated: June 12, 2025

_____
UNITED STATES DISTRICT JUDGE