UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALAN ZARKOWSKI, | Case No. 1:25-cv-00063-KES-CDB |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER |
| v. | (Doc. 30) |
| COUNTY OF KERN, *et al.*, | |
| Defendants. | |

BACKGROUND

On February 4, 2026, the Court convened with the parties for scheduling conference. (Doc. 24). In advance of the conference, the parties timely filed a joint scheduling report in which they proposed case management dates and provided information relevant to scheduling the case responsive to the Court's order setting the scheduling conference. *See* (Doc. 23). In their report, Plaintiff indicated he intended to file a motion for expedited production of certain records and media, including body worn camera ("BWC") footage. *Id*. at 6. The parties also acknowledged in their joint scheduling report the likely need to enter into a protective order. *Id*. at 7.

Although Plaintiff's motion for expedited discovery was not docketed by the time the parties convened for the scheduling conference, the Court nevertheless addressed the anticipated motion at the scheduling conference given Plaintiff's reference to it in the joint scheduling report. *See* (Doc. 27). After the scheduling conference and after Plaintiff's motion was docketed, the

Court denied Plaintiff's motion as moot given that the setting of a deadline for Rule 26 disclosures largely resolved the issue. *Id.*

In the scheduling order, the Court ordered the parties to file a protective order or seek an informal discovery dispute conference before the undersigned to resolve any disputes concerning a protective order no later than March 6, 2026. (Doc. 25 at 3). Prior to the filing deadline, counsel for Defendants represented to the Court that her good faith meet and confer efforts with Plaintiff regarding a protective order had been unsuccessful. (Doc. 28). Accordingly, the Court directed Defendants to file a motion for protective order no later than March 6, 2026, and for Plaintiff to respond no later than March 20, 2026. *Id*.

Defendants filed the motion for protective order on March 5, 2026, with an accompanying proof of service indicating Plaintiff was served on that same day. (Doc. 30 at 82-83). Plaintiff timely filed a limited opposition in which he expresses general agreement with the majority of Defendants' proposed protective order with a few exceptions. (Doc. 31). The Court deems the motion suitable for disposition without hearing and oral argument. *See* Local Rule 230(g).

DEFENDANTS' MOTION FOR PROTECTIVE ORDER

In their motion, Defendants assert that anticipated discovery in the case likely will involve "sensitive peace officer records and materials" that "may contain private information, safety-sensitive data, and law enforcement techniques not suitable for unrestricted dissemination." (Doc. 30 at 3). They argue that "[c]ourts routinely recognize such privacy and law enforcement interests as sufficient to warrant protective measures." *Id*. at 4 (citing cases). They propose a protective order that restricts the use of confidential materials exchanged to this litigation, restricts dissemination to counsel, experts, and the Court, protects personal identifying information from direct disclosure to Plaintiff, requires compliance with Local Rule 141 for any sealing request, and permits challenges to confidentiality designations.

Defendants also argue against inclusion in the protective order of a proposal by Plaintiff that generally would (1) prohibit Defendants from "publicly disclosing" any version of discoverable audio and video recordings of the incident at issue in the complaint (including edited versions) without Plaintiff's consent, and (2) vest Plaintiff with the exclusive right to "disclose,

2

publish, or use" recordings of the incident.  They further argue that Plaintiffs' other proposed revisions to the protective order (specifically, adding a 14-day deadline to the provision permitting any inadvertent failure to designate confidential materials to be corrected, and requiring for any such inadvertent non-designation that notice be given "promptly" after discovery for protections under Rule 26(b)(5)(B) to attach) are unwarranted.

GOVERNING LEGAL STANDARD

Upon a showing of good cause, Rule 26 authorizes a court to enter a protective order that may, among other things, prescribe a discovery method and limit the scope of disclosure or discovery. Fed. R. Civ. P. 26(c)(1). Where parties request the court to enter a protective order, they must submit a proposed order that (1) describes types of information eligible for protection, (2) shows the particularized need for the requested protection, and (3) shows why a court order is necessary to facilitate the protection requested.  *See* E.D. Cal. Local Rule 141.1.  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

When considering the parties' request for entry of a protective order, the court is mindful of the First Amendment, pursuant to which the press and the public have a presumed right of access to court proceedings and documents.  *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1985); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public.").  As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  The mere fact that parties enter into a protective order does not, by itself, rebut the

presumption of access to court records. *See Gregory v. City of Vallejo*, No. 2:13-CV-00320-KJM, 2014 WL 4187365, at *3 (E.D. Cal. Aug. 21, 2014) ("the presumption of access to court records is not rebutted simply because the court has entered the stipulated protective order.").

DISCUSSION

Based on the parties' communications exchanged in connection with addressing a stipulated protective order (*see* Doc. 30, Exhibits B and C & Declaration of Alexandria M. Ottoman) and Plaintiff's opposition (Doc. 30), it appears they generally agree to entry of a protective order and agree to most of the substantive terms, with the exceptions noted above. This Court and others generally find good cause to enter a protective order governing anticipated case discovery where a party represents that materials expected to be disclosed include law enforcement investigatory records, safety-sensitive data, and material revealing law enforcement techniques. *E.g., McGuire v. City of Los Angeles*, No. 2:25-cv-00614-DSF-KES, 2025 WL 2631612, at *1-2 (C.D. Cal. June 5, 2025); *Wagafe v. Biden*, No. 17-CV-00094-LK, 2023 WL 5803613, at *1-2 (W.D. Wash. Sept. 7, 2023); *Vang v. City of Fresno*, No. 1:21-cv-011370-ADA-SKO, 2023 WL 2374217, at *1-2 (E.D. Cal. Mar. 6, 2023).[1]

The Court has considered and finds good cause to enter the protective order proposed by Defendants. The Court also has considered Plaintiff's proposed additions and revisions to the protective order and finds Plaintiff has failed to demonstrate why such additions and revisions are necessary or appropriate. Regarding his request to prohibit Defendants from disclosing BWC and vesting him with sole discretion to decide whether BWC should be disclosed (Doc. 30 at 5), Plaintiff has not adequately made a showing that the balance of relevant equities – including the relevant privacy interests and the public's interest in obtaining litigation materials – favors such a restriction. Although the Court acknowledges Plaintiff's concern in this regard – that, without

---

[1] The Court notes the proposed protective order permits a receiving party to challenge a producing party's confidentiality designation. Because the parties already have addressed with the Court certain issues regarding BWC, *see supra*, the Court acknowledges that some or all BWC may not be suitable for protection under certain circumstances. *See, e.g., Gonzales v. City of San Jose*, No. 19-cv-08195-NC, 2020 WL 4430799, at *3-5 (N.D. Cal. July 31, 2020) (finding in a § 1983 action that a police department failed to show a particularized harm that would occur if BWC was disclosed and that the public interest in disclosure of the video "sharply" outweighed the police department's interest in keeping the footage confidential).

4

restrictions in the protective order, Defendants conceivably could "unilaterally upload[] footage of Plaintiff's deceased mother and Plaintiff's private grief to the public docket" (Doc. 30 at 4) – he has not carried his burden of demonstrating that any federal right to privacy applies nor that the balance of competing equities favors restricting public access to materials that appear to be central to his claims.[2]  Nor does Plaintiff demonstrate why temporal restrictions on identifying and remedying inadvertent disclosures are necessary or warranted.

CONCLUSION AND ORDER

For the reasons stated above, it is HEREBY ORDERED that Defendants' motion for entry of a protective order (Doc. 30) is GRANTED.

A protective order will enter separately.

IT IS SO ORDERED.

Dated:   **March 24, 2026**

UNITED STATES MAGISTRATE JUDGE

---

[2] Although Plaintiff notes that the Supreme Court recognizes "privacy interests surviving family members have in the death scenes of their loved ones" (Doc. 30 at 5), the case he relies on interpreted the Freedom of Information Act's statutory exemption addressing privacy, which is not applicable here.  *See* (Doc. 30 at 5) (citing *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157 (2004)).