UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK ALAN ZARKOWSKI,

Plaintiff,

v.

COUNTY OF KERN, *et al.*,

Defendants.

Case No. 1:25-cv-00063-KES-CDB

ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

(Doc. 44)

ORDER RESOLVING THE PARTIES' INFORMAL DISCOVERY DISPUTE REGARDING DEFENDANTS' DEPOSITION OF PLAINTIFF AND REQUEST FOR IMPOSITION OF SANCTIONS

(Doc. 48)

**Background**

Plaintiff Mark Alan Zarkowski ("Plaintiff") proceeds in this action pro se on the operative second amended complaint (Doc. 49, Exhibit A, "SAC") asserting claims against individual sheriffs deputies and the County of Kern ("Defendants")[1] for their alleged violations of his civil rights under 42 U.S.C § 1983. Plaintiff's claims and allegations arise from an incident occurring at a private residence on January 15, 2023, during which Defendants allegedly "illegally entered the residence," handcuffed Plaintiff, and placed him in a patrol vehicle for approximately one

[1] Defendant County of Kern was dismissed from this action for Plaintiff's failure to state a cognizable municipal liability claim against it in Plaintiff's first amended complaint. (Docs. 6, 10). However, leave to amend was granted adding County of Kern and an individual deputy to the SAC, although those defendants have not yet appeared. (Doc. 49).

hour.

On August 19, 2026, Plaintiff filed a motion for protective order. (Doc. 44).[2] Therein, Plaintiff requests an order of the Court prohibiting Defendants from proceeding with a deposition noticed to occur in-person on the grounds that he suffers from a medical condition that causes him pain, making his "exact physical capacity" to sit for deposition unpredictable. Plaintiff complains that sitting for prolonged periods causes him pain, that transitioning from sitting to standing causes him pain, and as a result, he anticipates the need to take frequent breaks during a deposition, including to accommodate "the only effective relief" he can obtain through lying down. Plaintiff attests that he "occasionally" travels from Simi Valley (his address of record) to Lebec, but that his travel schedule is unpredictable. Plaintiff seeks to proceed with any deposition remotely to accommodate his medical condition. Plaintiff argues that it is "fundamentally oppressive" for Defendants to insist that Plaintiff appear in-person for his deposition while a court reporter is permitted to attend remotely. He also argues that Defendants will suffer no prejudice in deposing Plaintiff remotely in the alternative to an in-person deposition.

Plaintiff's deposition originally was noticed to take place in Bakersfield on August 26, 2026. (Doc. 44, Exhibit C, "Notice of Taking of Deposition"). In their opposition to Plaintiff's motion for protective order, Defendants demonstrate that they sought to accommodate Plaintiff's expressed physical limitations by re-noticing the deposition to occur at a hotel in a city to which Plaintiff represents he occasionally travels (Lebec). (Doc. 45 at 2-4; *see id.* at Exhibit 1, Exhibit 3, and Declaration of Kimberly L. Marshall, ¶¶ 7-9). Defendants arranged to accommodate Plaintiff's overnight stay at the hotel such that he could travel to the deposition the day or evening prior and have available a bed to facilitate his expressed need to rest during the deposition as necessary.

Plaintiff failed to appear for the deposition Defendants re-noticed to occur at a hotel in

---

[2] Plaintiff unreasonably misapprehends this Court's order requiring a party to exhaust the Court's informal discovery dispute procedures prior to seeking authorization to file a discovery motion (*see* Doc. 47 at 6). Plaintiff's motion for a protective order unquestionably is a "written discovery motion" subject to those procedures. *See* (Doc. 25 at 5). Nevertheless, the Court excuses Plaintiff's failure to comply with these procedures here but admonishes him that any future noncompliance may result in the Court striking any discovery motion filed without advance authorization of the Court.

Lebec on August 26, 2026. Thereafter, counsel for Defendants sought an informal discovery dispute conference with the Court, which the Court scheduled for September 8, 2026. In advance of the conference, the parties filed a joint discovery dispute letter brief (Doc. 48) in which Defendants request reimbursement for attorney fees incurred in arranging and preparing for Plaintiff's deposition and an order compelling Plaintiff to appear for in-person deposition. In the letter brief, Plaintiff largely relies on his arguments presented in his motion papers seeking a protective order and contends that Fed. R. Civ. P. 37 does not permit the award of costs and expenses here because, on the date he failed to appear for deposition, he had filed a still-pending motion for protective order.

On September 8, 2026, the Court convened on the record with Plaintiff and counsel for Defendants (Stephanie Virrey Gucher) via Zoom for hearing on Plaintiff's motion for protective order and Defendants' informal discovery dispute regarding Plaintiff's deposition and their request for award of attorney fees. (Doc. 52). Following argument, because nonexpert discovery closes in approximately ten days (*see* Doc. 25) and to maximize time available for the parties to complete discovery timely, the Court issued an order from the bench denying Plaintiff's motion for protective order (Doc. 44) and took under submission Defendants' request for monetary sanctions (Doc. 48) with a written order to follow. This order provides the Court's reasoning for its rulings on the parties' requests for relief.

Counsel for Defendants will be directed to email a copy of this order to Plaintiff promptly upon their receipt of the order.

**<u>Governing Legal Standards</u>**

Federal Rule of Civil Procedure 26(c), which authorizes the Court to enter protective orders, "was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Rule 26(c) states in relevant part that for "good cause" shown, the court may make an

order to protect "a party or person" from "annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c). Rule 26 cites examples of the types of orders a court is authorized to enter, which "include any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (citing Fed. R. Civ. P. 26(c)).

Relevant here, "[a] district court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). "Rule 30(b)(4) authorizes depositions by remote means by stipulation or court order, but it does not create a presumption that a party is entitled to be deposed remotely whenever remote testimony would be more convenient." *Rohwer v. Warner Bros. Discovery, Inc.*, No. 25-cv-1284-RSL, 2026 WL 1481384, at *1 (W.D. Wash. May 27, 2026) (concluding "Plaintiff's residence abroad, the expense and inconvenience of travel, and her preference for a remote deposition do not, without more, establish that an in-person deposition in Seattle is oppressive or unduly burdensome"). Instead, "the general rule is that a defendant may choose the time, place, and manner of plaintiffs' depositions." *Richardson v. Grey*, No. 1:23-cv-00375-DCN, 2025 WL 843768, at *2 (D. Idaho Mar. 18, 2025) (declining to order plaintiffs' depositions be taken remotely where they failed to demonstrate that their "personal circumstances create an insurmountable hardship" to appearing in-person).

When a party "fails, after being served with proper notice, to appear for that person's deposition," the court "must require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1) & (3). *See, e.g.*, *MG Premium Ltd. V. Does*, No. CV 21-8533-MCS (KKx), 2023 WL 4291526, at *6-7 (C.D. Cal. June 8, 2023) (awarding attorney's fees and costs for court reporter, videographer, and transcript preparation resulting from plaintiff's failure to appear for deposition). The burden of showing substantial justification and that an award of expenses would be unjust is on the party being sanctioned. *Hyde & Drath*, 24 F.3d at 1171 (citation omitted).

///

**Discussion**

At the hearing on Plaintiff's motion for protective order, the Court ascertained that Plaintiff travels periodically from his residence in Simi Valley to Lebec (an approximately 70-mile drive) to visit and stay with his sister. Plaintiff does not drive and relies on others for transportation. Plaintiff does not engage in other travel aside from periodic doctor's appointments. When visiting his sister in Lebec, Plaintiff ordinarily overnights in Lebec for one or more days.

Regarding Plaintiff's claim that his physical condition prevents him from or inhibits his ability to appear for an in-person deposition, Plaintiff stated at the motion hearing that the "customized at-home setup" he relies on to ameliorate his pain chiefly consists of a bed, chair, and desk. *See* (Doc. 47 at 6). These items are not medical grade; rather, Plaintiff acquired commercially available furniture that he has determined provide him with the most effective pain-relief available. Plaintiff did not provide details about these items in his motion papers, but to the Court's understanding based on Plaintiff's responses to the Court's questions during the motion hearing, neither the mattress nor pillows he uses incorporate unique features distinguishing them from a mattress and pillows available at most hotels. Regarding the chair and desk Plaintiff uses at his home, those items are height adjustable to reduce "discomfort" Plaintiff experiences when using a standard chair and desk. Plaintiff also uses pillows when using his chair. Plaintiff does not transport any of these items to his sister's residence in Lebec when he visits; rather, he has furniture at his sister's residence that meets his needs.

Although Plaintiff has proffered sufficient information for this Court to perceive that an in-person deposition may cause him discomfort, Plaintiff does not satisfy the "good cause" standard to warrant an order requiring his deposition to proceed remotely (*i.e.*, via Zoom or other teleconference platform). Although he alleges an in-person deposition will cause him "specific, acute physical harm" (Doc. 47 at 2), he has not substantiated this layperson's characterization with any record evidence other than his generalized assertions of discomfort. Defendants have agreed to proceed with the deposition at a location that is convenient to Plaintiff, whether near his residence in Simi Valley or at another venue in a city to which Plaintiff periodically travels,

and provide ample breaks and access to a private hotel room with a bed should he need relief. Plaintiff is the proponent of this lawsuit, likely the key witness in the case, and accordingly, his credibility (which cannot be as comprehensively measured in a remote setting as it can during in-person deposition) is particularly at issue. It is for this reason that the Court finds no merit to Plaintiff's complaint that it is inequitable for Defendants to demand he appear in-person for deposition but permit their court report to appear remotely (Doc. 44 at 5) as the court reporter is not a party to the case and her credibility is not at issue.

Regarding counsel for Defendants' request for reimbursement of attorney fees in connection with their briefing the dispute regarding Plaintiff's failure to appear for deposition, the Court acknowledges that Plaintiff had no right to unilaterally cancel the deposition or fail to appear, notwithstanding the pendency of his motion for protective order. Thus, "[g]enerally, unless a party or witness files a motion for a protective order and seeks and obtains a stay *prior* to the deposition, a party or witness has no basis to refuse to attend a properly noticed deposition." *Huene v. U.S. Dep't of Treas., I.R.S.*, 2:11-cv-2110 JAM AC PS, 2013 WL 417747, at *3 (E.D. Cal. Jan. 31, 2013) (citing, *inter alia, Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964), *cert. denied*, 380 U.S. 956 (1965)) (emphasis in original). Here, Plaintiff did not seek from the Court, either *ex parte* or otherwise, a stay of the deposition, but instead, erroneously assumed the pendency of his motion for protective order relieved him of the need to appear. Thus, his failure to appear was not substantially justified under Rule 37.

Nevertheless, the Court finds that other circumstances would make an award of attorney fees here unjust. First, counsel for Defendants attests that she "spent approximately 15 hours preparing for deposition, researching the law and writing the letter brief." (Doc. 48, Declaration of Kimberly L. Marshall, ¶ 6). However, counsel does not identify what proportion of this time was spent on the only litigation task that could be compensable under Rule 37 – the preparation of the parties' joint letter brief (given that the time spent preparing for Plaintiff's deposition is time counsel presumably will not need to spend in anticipation of Plaintiff's forthcoming deposition). Second, the factual and legal issues presented in the parties' joint letter brief largely were the same issues presented in the parties' briefing on Plaintiff's motion for protective order.

The unique briefing presented by Defendants (regarding Rule 37 sanctions) is briefing the Court expects required *de minimis* time by counsel given their frequent appearance and litigation in federal court and the ubiquitous character of Rule 37 case law and authorities.

* * * * *

Plaintiff is admonished that any failure to appear for deposition in violation of this Order may be grounds for sanctions, including evidentiary sanctions (*see Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-cv-01938-EPG, 2016 WL 4764669, at *8 (E.D. Cal. Sept. 12, 2016)), and dismissal of the action. *E.g., Jones v. Frazesn*, No. 2:09-cv-02758 RCT, 2009 WL 3254905, at *3 (E.D. Cal. Oct. 8, 2009) (dismissing action upon plaintiff's failure to appear for continued deposition); *Lugo v. Sham*, No. 3:00-cv-1104-MMC, 2001 WL 348984, at *4 (N.D. Cal. Apr. 5, 2001) (same). *Cf. Roth v. AIG*, No. 2:24-cv-01124-TLN-CKD, 2025 WL 216266, at *3 (E.D. Cal. Jan. 16, 2025) (evidentiary sanctions not warranted where plaintiff's single failure to appear for deposition occurred more than three months before close of fact discovery and plaintiff had not previously been warned by the court that a failure to appear would result in sanctions).

**Conclusion and Order**

For the foregoing reasons and the reasons set forth and preserved on the record at the motion hearing (Doc. 52), it is HEREBY ORDERED that:

1. Plaintiff's motion for protective order (Doc. 44) is DENIED;
2. Defendants' request for monetary sanctions (Doc. 48) is DENIED; and
3. Plaintiff SHALL APPEAR for in-person deposition as presently noticed to occur on September 15, 2026, unless, no later than September 10, 2026, Plaintiff initiates meet/confer consultations with Defendants regarding any irreconcilable conflict that prevents Plaintiff from appearing. In any such case, Plaintiff's in-person deposition shall occur on a date mutually agreed upon by all parties no later than September 29, 2026; and

///

///

/// (cont.)

4. Counsel for Defendants is DIRECTED to promptly provide Plaintiff with a copy of this order via e-mail.

IT IS SO ORDERED.

Dated: **September 8, 2026**

UNITED STATES MAGISTRATE JUDGE